**E-Filed 1/19/2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JUAN CARLOS KAKOGUI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN BROKERS CONDUIT, et al.,<br><br>　　　　　Defendants. | Case Number C 09-4841 JF (HRL)<br><br>ORDER[1] CLARIFYING ORDER ISSUED JANUARY 11, 2010; AND TERMINATING AS MOOT MOTION TO DISMISS<br><br>[re: document nos. 6, 21] |

　　　　Plaintiff Juan Carlos Kakogui ("Kakogui"), proceeding *pro se*, filed the instant action on August 4, 2009 in the Superior Court for the County of Santa Cruz. Defendant Wells Fargo Bank dba America's Servicing Company ("Wells Fargo") removed the action on October 13, 2009, and filed a motion to dismiss on October 20, 2009. On January 5, 2010, Kakogui filed a motion for leave to amend his complaint.

　　　　On January 11, 2010, the Court issued an order vacating the hearing on Kakogui's motion for leave to amend, citing Federal Rule of Civil Procedure 15(a) for the proposition that Kakogui was entitled to amend his pleading once as a matter of course because Wells Fargo had not yet

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-4841 JF (HRL)
ORDER CLARIFYING ORDER ISSUED JANUARY 11, 2010, ETC.
(JFLC2)

filed a responsive pleading. The Court relied upon the prior version of Rule 15(a)(1), which was amended effective December 1, 2009. Under the amended rule, a party may amend its pleading once as a matter of course within: (1) twenty-one days after service of the pleading, or (2) twenty-one days after service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).

If the current version of the rule were applied here, Kakogui's right to amend his complaint as a matter of course would have expired on November 13, 2009,[2] before the effective date of the amendment to Rule 15(a)(1). At least one court has addressed this situation by applying former Rule 15(a)(1), noting that "an amended rule shall not apply if, 'in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies.'" *Vissuet v. Indymac Mortg. Services*, No. 09-CV-2321-IEG (CAB), 2009 WL 4798879, at *1 (S.D. Cal. Dec. 8, 2009) (quoting 28 U.S.C. § 2074). This approach seems to be a sensible one. Moreover, even assuming that Kakogui's right to amend as of right had expired by the time he filed his motion, the Court would have granted such motion given that Kakogui is proceeding *pro se* and has not amended his complaint previously.

Kakogui filed a first amended complaint on January 14, 2010. Accordingly, Wells Fargo's motion to dismiss, which is directed against the original complaint, is moot and is HEREBY TERMINATED. The Clerk shall vacate the hearing date set for the motion to dismiss.

IT IS SO ORDERED.

DATED: 1/19/2010

_____
JEREMY FOGEL
United States District Judge

---

[2] The motion to dismiss was served by mail on October 20, 2009. The November 13 date is calculated by counting twenty-one days from October 20, *see* Fed. R. Civ. P. 15(a)(1), and adding three days because service of the motion was by mail, *see to* Fed. R. Civ. P. 6(d).

1  Copies of Order served on:

3  Donald John Querio djq@severson.com

4  Jason M. Julian jmj@severson.com, jc@severson.com, ksb@severson.com

5  Juan Carlos Kakogui carloskakogui@gmail.com