**E-Filed 3/30/2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JUAN CARLOS KAKOGUI,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, et al.,<br><br>Defendants. | Case Number C 09-4841 JF (HRL)<br><br>ORDER[1] GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART<br><br>[re: document no. 24 ] |

Defendants Wells Fargo Bank dba America's Servicing Company ("ASC") and U.S. Bank National Association, as Trustee for CMLTI 2007-10, ("U.S. Bank") (collectively "Defendants") move to dismiss the complaint in the above-entitled action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and to strike portions of the complaint pursuant to Fed. R. Civ. P. 12(f). The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on March 26, 2010. For the reasons discussed below, the motions will be granted, with leave to amend in part.

## I. BACKGROUND

Though the facts alleged in the First Amended Complaint ("FAC") are very general, the

---

[1] This disposition is not designated for publication in the official reports.

following may be gleaned from the parties' papers and requests for judicial notice. The action arises out of two loan transactions. On May 16, 2007, Plaintiff Juan Carlos Kakogui ("Plaintiff") obtained an adjustable rate mortgage loan for $608,000.00 secured by real property located at 620 Tabor Drive, Scotts Valley, California 95066 ("the Property") from Defendant American Brokers Conduit ("American Brokers"). (FAC Ex. A, at 8 (copy of note).) On the same date, Plaintiff obtained a home equity line of credit ("HELOC") in the amount of $150,000.00 from American Brokers, which also was secured by the Property. (*Id.* at 13 (copy of loan agreement).) Defendant American First Title was listed as Trustee for both loans. (Defs.' Request for Judicial Notice ("RJN") Ex. A & B (copies of officially recorded deeds of trust for the two loans).)

Plaintiff subsequently defaulted on at least the first of the loans. (Defs.' RJN Ex. C ("Notice of Default and Election to Sell Under Deed of Trust").) As a result, on October 16, 2008, the deed of trust for the Property was assigned to U.S. Bank. (*Id.* at Ex. D.) Thereafter, trustee NDEx West LLC ("NDEx") recorded a notice of trustee's sale in the official records of Santa Cruz County on December 30, 2008. (*Id.* at Ex. E.) On June 1, 2009, NDEx recorded a trustee's deed upon sale granting right, title, and interest in the Property to U.S. Bank. (*Id.* at Ex. F.)

On August 4, 2009, Plaintiff, proceeding *pro se*, filed a complaint in the Santa Clara Superior Court alleging numerous state and federal law claims including violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. The action was removed to this Court on October 13, 2009, and ASC moved to dismiss the complaint for failure to state a claim upon which relief may be granted. On January 14, 2010, Plaintiff filed the operative FAC, thereby mooting ASC's pending motion to dismiss. The FAC alleges seventeen separate claims arising from the loan transactions. The Defendants filed the instant motions on January 20, 2010, seeking to strike Plaintiff's prayers for punitive damages and attorney's fees and to dismiss all of Plaintiff's claims as to them or, in the alternative, for a more definite statement.

2

Case No. C 09-4841 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART
(JFLC3)

## II. LEGAL STANDARDS

**A.     Motion to Dismiss for Failure to State a Claim**

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

As the Supreme Court recently has clarified, a court must determine whether the well-pled facts in the complaint "*plausibly* give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1950 (2009) (emphasis added). "[W]here the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). It is not enough for a plaintiff simply to allege that a wrong has been committed and demand relief. Plaintiffs must give fair notice of the claims being asserted and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

3

Case No. C 09-4841 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART
(JFLC3)

1    Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot
2    be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). When
3    amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*,
4    90 F.3d 386, 393 (9th Cir. 1996).

### B.   Motion for a More Definite Statement

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 8(a) requires "a short and plain statement" of the basis for relief including grounds for the court's jurisdiction, a statement showing that Plaintiffs are entitled to relief, and a demand for the relief sought. Rule 8(d) requires each allegation to be "simple, concise, and direct."

### C.   Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This includes striking parts of the prayer for relief when the relief sought is "not recoverable as a matter of law." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (citations omitted).

As with motions to dismiss, when ruling on a motion to strike the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff. *See Jenkins*, 395 U.S. at 421; *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). Also as with motions to dismiss, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *See Lucas*, 66 F.3d at 248.

### III. DISCUSSION

### A.   Motion to Dismiss for Failure to State a Claim

The FAC alleges seventeen claims for relief without distinction among the separate Defendants. Much of the complaint consists of broad, conclusory allegations of violations of law by the "defendants" generally. Defendants move to dismiss all seventeen claims against them.

4

Plaintiff does not dispute Defendants' arguments as to any particular claim. Instead, he contends that he "has alleged, to the best of his ability, sufficient facts to support his allegations" and that "it was an enormous challenge for [him] to navigate the American judicial and court system and write, file, and serve this claim completely on his own with only the help of the internet and various legal reference books." (Pl.'s Opp'n 3.) The Court is mindful of the fact that Plaintiff is proceeding *pro se* and is not a native English speaker. Nonetheless, courts in the Ninth Circuit have held consistently that the pleadings of *pro se* plaintiffs still must meet the plausibility threshold established by *Iqbal* to survive a Rule 12(b)(6) motion. *See, e.g.*, *Brazil*, 66 F.3d at 199.[2]

### 1. The Federal Claims

#### a. TILA and RESPA Claims

Plaintiff's first claim alleges seeks damages and rescission of the loans at issue for violation of RESPA and TILA and its implementing regulations. Plaintiff alleges that "Lender" did not issue the required disclosures to him in a timely manner, and that the finance charge on the loan was understated. (Compl. 3.) Plaintiff also alleges that "Lender" did not provide him with a completed notice of right to cancel form because the date of the transaction was left blank in the form given to him. (Compl. 4.)

##### i. TILA Claim for Rescission

Defendants argue that Plaintiff's claim for rescission is barred because the loan at issue was a purchase money mortgage and such mortgages may not be rescinded under the statute. Defendants are correct. As another district court recently explained:

> Residential mortgage transactions are expressly excluded from TILA's rescission provisions. *See* 15 US.C. § 1635(e)(1). A "residential mortgage transaction" is defined by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, . . . or equivalent consensual security interest . . . created . . . against the consumer's dwelling to finance the acquisition . . . of such dwelling." Thus, while home

---

[2] As the Court explained in overruling Plaintiff's objection to Judge Lloyd's order denying Plaintiff's motion to shorten time to hear his motion for early discovery, Plaintiff's perception that he needs evidence in order to oppose Defendants' motion to dismiss is erroneous. Plaintiffs' restatement of this argument in his opposition to the instant motions is equally unpersuasive.

5

Case No. C 09-4841 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART
(JFLC3)

equity loans and refinancing transactions could be amenable to rescission, Plaintiff's purchase money mortgage for is not. (*See* Compl. at ¶ 14.) Plaintiff's TILA rescission claim is therefore dismissed.

*Watts v. Decision One Mortg. Co.*, No. 09 CV 0043 JM (BLM), 2009 WL 1657424, at * 3 (S.D. Cal. June 11, 2009). Unless Plaintiff's TILA claim for rescission is based on the home equity loan and not the purchase money mortgage loan, amendment would be futile.

 Defendants also contend that Plaintiff fails to state a claim for rescission under TILA because he has not alleged that he has the present ability to tender the loan proceeds. Although the Ninth Circuit has not addressed this issue directly, it has held that a court *may* require a borrower seeking rescission of a mortgage transaction under TILA to demonstrate the ability to tender the loan proceeds. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1168 (9th Cir. 2003) (holding that it is within a district court's "discretion to condition rescission on tender by the borrower of the property he had received from the lender") (internal quotation marks and citation omitted).

 District courts within the circuit have adopted varying interpretations of *Yamamoto*. A number of them have extended *Yamamoto* to hold that a claim for rescission under TILA is subject to dismissal at the pleading stage if the borrower fails to allege a present ability to tender the loan proceeds. *See, e.g.*, *Del Valle v. Mortg. Bank of Cal.*, No. CV-F-09-1316 OWW/DLB, 2009 WL 3786061, at *8 (E.D. Cal. Nov. 10, 2009); *Garcia v. Wachovia Mortg. Corp.*, No. 2:09-cv-03925-FMC-FMOx, 2009 WL 3837621, at *3 (C.D. Cal. Oct. 14, 2009); *ING Bank v. Korn*, No. C09-124Z, 2009 WL 1455488 *1 (W.D. Wash., May 22, 2009); *Garza v. American Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) (granting motion to dismiss TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received").

 Others courts have held, however, that failure to plead ability to tender affirmatively is not fatal to a TILA rescission claim. *See, e.g.*, *Singh v. Wash. Mut. Bank*, No. C-09-2771 MMC, 2009 WL 2588885, at *4 (N.D. Cal. Aug. 19, 2009) ("Notably, *Yamamoto* does not hold that a

6

*claim* for rescission cannot survive a motion to dismiss until the right to rescind is adjudicated in the plaintiff's favor."); *ING Bank v. Ahn*, No. C 09-995 THE, 2009 WL 2083965, at *2 (N.D. Cal. July 13, 2009) (noting that "*Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded. Rather, all of these cases indicate that it is within the trial court's discretion to choose to dismiss where the court concludes that the party seeking rescission is incapable of performance."); *Pelayo v. Home Capital Funding*, No. 08-CV-2030 IEG (POR), 2009 WL 1459419, at *7 (S.D. Cal. May 22, 2009) (rejecting argument that, under *Yamamoto*, claim for rescission was subject to dismissal where plaintiff "failed to offer tender in the complaint of the funds she borrowed"); *Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM (RBB), 2009 WL 514254, at *3 (S.D. Cal. Mar. 2, 2009) (holding "[t]ender by the borrower is not always a precondition to rescission and does not have to be pled to state a claim for rescission"); *Burrows v. Orchid Island TRS, LLC*, No. 07CV1567-BEN (WMC), 2008 WL 744735, at *6 (C.D. Cal. Mar.18, 2008) (rejecting, on motion to dismiss, defendant's argument that "there [was] no evidence" that plaintiff could return loan proceeds).

This Court finds the second line of cases more persuasive to the extent that they appear to be more consistent with the liberal pleading standard of Fed. R. Civ. P. 8. At the same time, the Court agrees with the reasoning of the first line of cases that "it was not the intent of Congress to reduce the mortgage company to an unsecured creditor," *Del Valle*, 2009 WL 3786061 at *8, and that "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received," *Garza*, 2009 WL 188604 at *5.

Accordingly, the Court will exercise the discretion conferred upon it by *Yamamoto* to require that Plaintiff allege either the present ability to tender the loan proceeds or the expectation that he will be able to tender within a reasonable time.[3] At the end of the day, Plaintiff "will not be entitled to rescission" unless he can tender the principal balance of the loan.

---

[3] For example, a TILA plaintiff might be able to allege that while he lacks the liquidity to tender the loan proceeds at the time he files the rescission claim, he has sufficient equity in the home and a willingness to sell that would render it likely that he could tender the loan proceeds if given a reasonable period of time.

7

Case No. C 09-4841 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART
(JFLC3)

1  *See Clemens v. J.P. Morgan Chase Nat. Corporate Services, Inc.,* No. 09-3365 EMC, 2009 WL
2  4507742 (N.D. Cal. Dec. 1, 2009).  It makes little sense to let his rescission claim proceed absent
3  some indication that the claim will not simply be dismissed at the summary judgment stage after
4  needless depletion of the parties' and the Court's resources.

5          **ii.**        **TILA Claim for Damages**

6      Defendants argue that Plaintiff's claim for damages under TILA is barred by the one-year
7  limitations period set forth in 15 U.S.C. § 1640.  Plaintiff brought this action more than one year
8  after the May 16, 2007, consummation of the loans in question and does not address this
9  limitation in the FAC or his opposition to the instant motion.

10         **iii.**       **RESPA Claim**

11     While Plaintiff alleges that Defendants violated RESPA and makes several passing
12 references to the statute, he makes no specific factual allegations to support a RESPA claim.

13     **b.**        **Claim for Violation of the Code of Federal Regulations**

14     Plaintiff's second claim alleges that he is entitled to an extended right to rescission
15 because he never received any settlement statement.  Defendants argue that an extended right of
16 rescission is not a cognizable claim for relief and that even if it were, Plaintiff's purchase money
17 mortgage is not subject to rescission under TILA.  Defendants are correct with respect to the
18 purchase money mortgage, and Plaintiff alleges no facts supporting this claim as to the second
19 loan, nor does he cite any statute or section of the Code of Federal Regulations as a basis for this
20 claim.

21     **c.**        **Fair and Accurate Credit Act Claim**

22     Plaintiff's seventh claim alleges violation of the Fair and Accurate Credit Transaction Act
23 of 2003 ("FACTA"), Pub. L. 108-159, 111 Stat. 1952 (2003), which amended the Fair Credit
24 Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq*.  Plaintiff alleges that his credit score was
25 never disclosed by as required under FACTA.
26     Defendants contend that Plaintiff "misapprehends the nature of" FCRA  (Defs.' Mot. to
27 Dismiss ("MTD") 9) in reading the statute to require that lenders and brokers to make credit
28

8

Case No. C 09-4841 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART
(JFLC3)

scoring information available to borrowers.  They argue that the statute imposes duties on "credit reporting agencies" and not loan servicers like ACS or assignees like U.S. Bank.

Defendants are correct.  Plaintiff has failed to allege that any of the Defendants are credit reporting agencies as defined in the statute.

### d.   Violation of 18 U.S.C. § 1962(c) and (d)

Plaintiff's twelfth and thirteenth claims allege that Defendants have violated Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  In his twelfth claim, Plaintiff alleges that Defendants "together constituted an enterprise" and that the Defendants undertook activities "with the specific intent of furthering the scheme to defraud or with reckless disregard that they would further the schemes to defraud." (Compl. 13-14.) Plaintiff further alleges that "[t]he scheme was furthered by the preparation and dissemination of false escrow statements, false loan documentation, misrepresentations to Plaintiff regarding the nature of the transactions, as well as preparation of other false and misleading information, each of which constituted mail fraud . . . or wire fraud." (*Id.* at 14.)  In his thirteenth claim, Plaintiff alleges that Defendants formed an unlawful conspiracy to violate the mail and wire fraud statutes.

Defendants argue that Plaintiff's allegations do not satisfy Fed. R. Civ. P. 9(b), which applies to RICO claims as well as fraud claims.  Under Rule 9(b), "[t]he complaint must 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" (Defs.' MTD 12 (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).)  Defendants also assert that RICO complaints against multiple defendants "must 'inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" (*Id.* (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)).)  Defendants argue that Plaintiff has failed to meet this standard because "the RICO claim is riddled with general allegations that the 'defendants' engaged in fraudulent conduct or conspired or committed other wrongs without bothering to inform either defendant what it did in particular." (*Id.* at 13.)  Finally, Defendants point out that

9

Case No. C 09-4841 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART
(JFLC3)

1  "[m]erely extending a loan is not among the activities prohibited by the RICO statute." (*Id.* at 12.)

Defendants arguments are well-taken. Plaintiff's allegations provide insufficient detail to meet even the liberal requirements of Rule 8, let alone Rule 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) ("Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims.") Plaintiff must allege with more specificity what actions, misrepresentations, or omissions he attributes to each Defendant and allege how those actions, misrepresentations, or omissions constitute racketeering activity prohibited under the statute.

### 2. Supplemental jurisdiction

Plaintiff's federal claims provide the sole basis for federal subject matter jurisdiction. While federal courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."). Because it is not clear that Plaintiff can state a viable federal claim, the Court will defer its review of the remaining state-law claims.

### B.  Motion for a More Definite Statement

Because Defendants' motion to dismiss will be granted with leave to amend in part, the Court need not address Defendants' alternative motion for a more definite statement.

Case No. C 09-4841 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART
(JFLC3)

**C.     Motion to Strike**

Defendants' motion to strike Plaintiff's prayer for attorney's fees and punitive damages remains unopposed. The motion is well-taken and will be granted.

## IV.  CONCLUSION

Good cause therefor appearing, the motions to dismiss and strike are GRANTED, with leave to amend in part consistent with the above discussion. Any amended complaint shall be filed within thirty (30) days of the date this order is filed. The Case Management Conference will be continued to May 28, 2010, at 10:30 a.m.

**IT IS SO ORDERED.**

DATED: 3/30/2010

_____
JEREMY FOGEL
United States District Judge

---

11

Case No. C 09-4841 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, WITH LEAVE TO AMEND IN PART
(JFLC3)