**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CARLOS KAKOGUI, ) | Case No.: 09-CV-4841-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING WITH PREJUDICE |
| ) | DEFENDANTS' MOTION TO DISMISS |
| v. ) | FEDERAL CLAIMS IN SECOND |
| ) | AMENDED COMPLAINT AGAINST |
| AMERICAN BROKERS CONDUIT, et al., ) | DEFENDANTS ASC AND U.S. |
| ) | NATIONAL BANK; REMANDING TO |
| Defendants. ) | SUPERIOR COURT FOR SANTA CRUZ |
| ) | COUNTY FOR CONSIDERATION OF |
| ) | PLAINTIFF'S STATE LAW CLAIMS |
| ) | |
| ) | (re: docket #47 and #57) |

Defendant Wells Fargo Bank, N.A., dba America's Servicing Company ("ASC") and U.S. Bank National Association, as Trustee for CMLTI 2007-10 ("U.S. National Bank") (collectively "Defendants") move to dismiss Plaintiff Juan Carlos Kakogui's Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Prior to reassignment to this Court, the Honorable Jeremy Fogel granted a previous motion to dismiss, with leave to amend in part. *See* March 30, 2010 Order [dkt. #42]. In that Order, Judge Fogel identified serious deficiencies in Plaintiff's First Amended Complaint ("FAC"). Plaintiff's SAC does not remedy those deficiencies and, instead, repeats almost verbatim the

1

language and claims in his FAC. In consideration of the moving papers, the Order granting a previous motion to dismiss, and the oral argument at the September 7, 2010 hearing, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss Plaintiff's federal claims. The Court will REMAND the case to the Superior Court for Santa Cruz County for consideration of Plaintiff's state law claims against Defendants.

**I. BACKGROUND**

Judge Fogel's March 30, 2010 Order lays out the relevant facts, the substance of which Plaintiff has not changed in his SAC. This action arises out of two loan transactions. In the first, Plaintiff obtained an adjustable rate mortgage loan for $608,000 secured by real property at 620 Talbor Drive, Scotts Valley, California 95066 ("the Property") from Defendant American Brokers Conduit. On the same day, Plaintiff obtained a home equity line of credit for $150,000 from American Brokers Conduit, also secured by the Property. Plaintiff subsequently defaulted on at least the first loan and, as a result, non-judicial foreclosure proceedings were initiated.

On August 4, 2009, Plaintiff, proceeding *pro se*, filed a complaint in Santa Cruz County Superior Court alleging numerous state and federal claims. The action was removed by Defendants on October 13, 2009.[1] On January 14, 2009, Plaintiff filed a FAC, which was dismissed with leave to amend by the March 30, 2010 Order of Judge Fogel. Plaintiff filed the operative SAC on April 30, 2010. Defendants moved to dismiss the SAC on May 17, 2010. That motion was re-noticed before this Court on August 5, 2010.

---

[1] Because the other Defendants identified by Plaintiff were not served in the state court action, Defendants ASC and U.S. Bank were not required to seek their approval for removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423 (9th Cir. 1984). Although this case was removed nearly a year ago, Plaintiff has still not served those other Defendants. Therefore, the Court's Order here is only applicable to the claims brought against removing Defendants, namely ASC and U.S. Bank. All of Plaintiff's state law claims, including those against the non-served Defendants, are remanded to the Superior Court.

2
Case No.: 09-CV-4841-LHK
ORDER GRANTING MOTION TO DISMISS

## II. LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. To withstand a motion to dismiss, a plaintiff must "plead enough facts to state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do. *Id*. A court must determine whether the facts in a complaint "plausibly give rise to an entitlement of relief." *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet *some minimum threshold* in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (emphasis added).

Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). If amendment would be futile, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

This is now Plaintiff's third complaint,[2] and despite the seventeen "causes of action" listed, it still consists of the same broad, conclusory allegations found deficient in his FAC. Defendants move to dismiss all seventeen causes of action. But as the federal claims provide the sole basis for federal subject matter jurisdiction, this Court will focus on those federal claims.

---

[2] On September 2, 2010, which was just five days before the hearing on the motion to dismiss the SAC, Plaintiff filed an *ex parte* motion for leave to file another amended complaint in order to correct party names and withdraw two defendants. Plaintiff's application is now moot.

3
Case No.: 09-CV-4841-LHK
ORDER GRANTING MOTION TO DISMISS

### A. The Federal Claims

#### 1. TILA and RESPA

The March 30, 2010 Order allowed leave to amend in connection with alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Specifically, the Order allowed leave to amend as to: 1) Plaintiff's TILA claim for rescission in order to provide Plaintiff the opportunity to clarify whether this claim is based on his home equity loan; 2) Plaintiff's present ability or expectation of ability within a reasonable time to tender the loan proceeds; and 3) Plaintiff's claim for damages being barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640. *See* March 30, 2010 Order at 6-8. The Order also noted that Plaintiff's FAC made "several passing references" to the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*., but made no specific factual allegations to support a RESPA claim. *Id*. at 8.

Plaintiff's SAC discusses TILA in his seventeenth cause of action. *See* SAC at 27-30. However, Plaintiff's discussion speaks in general terms about what "most lenders do," and provides only vague, conclusory, and internally contradictory allegations. For example, Plaintiff alleges that he "received numerous separate and different Truth in Lending disclosure statements" from Plaintiff's Loan Broker and "numerous other financial institutions," none of which are specified. *Id*. at 27. After discussing "less scrupulous," "dishonest," and "incompetent" brokers, Plaintiff concludes: "The Borrower [presumably Plaintiff, though the SAC uses "Borrower" as a generic term throughout] has been placed in a serious disadvantage as to acquiring a loan beneficial to the Borrower's best interests, thereby violating TILA and RESPA statutes." *Id*. at 29.

Plaintiff's allegations with respect to TILA simply repeat what the March 30, 2010 Order found lacking. Plaintiff's SAC has not clarified his rescission claim under TILA, has not alleged present ability or expectation of ability within a reasonable time to tender the loan proceeds, and still has not responded to the one-year statute of limitations argument. And, as in his FAC,

4

Case No.: 09-CV-4841-LHK
ORDER GRANTING MOTION TO DISMISS

Plaintiff's SAC only makes "passing references" to RESPA without any specific factual allegations to support a RESPA claim.

The Court is mindful that Plaintiff is a *pro se* litigant and is not a native English speaker. Nonetheless, Plaintiff's pleading, now his third complaint, fails to meet the standard required to survive a motion to dismiss. *See Brazil*, 66 F.3d at 199. The Court dismisses Plaintiff's TILA and RESPA claims with prejudice, as additional amendment is futile.

### 2. FACTA

The Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), Pub. L. 108-159, 111 Stat. 1952 (2003), which amended the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, imposes duties on "credit reporting agencies." Plaintiff's SAC, under the seventh cause of action, continues to allege that his credit score was never revealed. SAC at 14-15. The March 30, 2010 Order dismissed this claim for failure to allege that any of the Defendants are "credit reporting agencies." March 30, 2010 Order at 9. Plaintiff's SAC still fails to allege that any of the Defendants are "credit reporting agencies." Therefore, Plaintiff's FACTA claim is dismissed with prejudice, as additional amendment is futile.

### 3. RICO

Plaintiff's twelfth and thirteenth cause of action allege that Defendants violated 18 U.S.C. § 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The March 30, 2010 Order dismissed these claims because "Plaintiff's allegations provide insufficient detail to meet even the liberal requirements of Rule 8, let alone Rule 9(b)." March 30, 2010 Order at 10. Plaintiff's SAC adds no new detail, and instead merely provides "labels and conclusions, and a formulaic recitation of the elements of a cause of action" found insufficient in *Twombly*. 550 U.S. at 555. Plaintiff's allegations still do not satisfy the requirement of Rule 8, let alone the higher

pleading standard of Rule 9(b), which applies to RICO and fraud claims.  Plaintiff's RICO claims are dismissed with prejudice, as additional amendment is futile.

### 4. Code of Federal Regulations

The second cause of action in Plaintiff's SAC is for "violation of the Code of Federal Regulations." SAC at 6.  Under this cause of action, Plaintiff states: "Pursuant to the law, a failure to make clear, conspicuous, and accurate material disclosures also triggers an **extended right of rescission**." *Id*. (emphasis in original).  Plaintiff also notes that he has "still not received a copy of the final 'wet copy' Settlement Statement and HUD-1 from any of the parties named in this pleading." *Id*.  The March 30, 2010 Order interpreted the "extended right of rescission" as an extension of Plaintiff's rescission claim under TILA.  The Order dismissed the Code of Federal Regulations claim because Plaintiff's first loan (a purchase money mortgage) is not subject to rescission under TILA, and Plaintiff alleged no fact supporting this claim as to the second loan (home equity line of credit).

Plaintiff's SAC, as explained above in the discussion of TILA, still does not allege any supporting facts supporting a TILA rescission claim.  And as Defendants note, Plaintiff's reference to a "final 'wet copy' Settlement Statement and HUD-1" appear to relate to a RESPA claim rather than a TILA claim.  Defs.' Mot. to Dismiss SAC at 7.  Even assuming Plaintiff's bare-bones allegations point to RESPA, the failure to provide a settlement statement and HUD-1 is not a viable cause of action under RESPA.  *See Martinez v. Wells Fargo Home Mortg., Inc.,* 598 F.3d 549, 557-58 (9th Cir. 2010) (refusing to allow private cause of action under RESPA, 12 U.S.C. § 2603, in connection with allegations that HUD-1 settlement statements were not accurately disclosed).

Therefore, Plaintiff's claim for violation of the Code of Federal Regulations is dismissed with prejudice, as additional amendment is futile.

**B. Supplemental Jurisdiction**

Because Plaintiff can state no viable federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3) (a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction.").

### IV. CONCLUSION

Accordingly, Defendants' motion to dismiss is GRANTED WITH PREJUDICE as to Plaintiff's federal claims against Defendants ASC and U.S. National Bank.  Plaintiff's *ex parte* motion for leave to amend his complaint to correct party names and withdraw two Defendants is DENIED AS MOOT.  The case is REMANDED to the Superior Court for Santa Cruz County for consideration of Plaintiff's state law claims against Defendants ASC and U.S. National Bank and against the other non-served Defendants.  The Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: September 14, 2010

LUCY H. KOH
United States District Judge